**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3733-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SEEMA DUBEY,

    Defendant-Appellant.

_____

Submitted August 7, 2018 – Decided  August 10, 2018

Before Judges Sabatino and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 16-07-1214.

Joel C. Seltzer, attorney for appellant.

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Seema Dubey appeals from a December 23, 2016 order denying her motion to be admitted into the Pre-Trial Intervention (PTI) program and a March 31, 2017 judgment of conviction for

obstructing administration of the law, N.J.S.A. 2C:29-1(a). We affirm.

The facts relevant to the denial of defendant's motion for admission to PTI are set forth in the ten-page written opinion of Judge Colleen M. Flynn. Having examined the facts related to defendant's arrest and the charges filed, Judge Flynn reviewed the prosecutor's decision to reject defendant's application for admission to PTI. Judge Flynn undertook a detailed analysis of the factors governing defendant's entry into the PTI program in accordance with N.J.S.A. 2C:43-12 and Rule 3:28, and determined that the prosecutor's denial of defendant's admission to PTI was not a patent or gross abuse of discretion.

On appeal, defendant argues:

> THE PROSECUTOR'S DENIAL OF THE DEFENDANT INTO
> THE PTI PROGRAM CONSTITUTED A GROSS AND PATENT
> ABUSE OF DISCRETION LATER AFFIRMED BY THE
> TRIAL COURT WHERE DEFENDANT PRESENTED THE
> PERFECT CANDIDATE FOR ADMISSION.

Our scope of review of a PTI rejection is "severely limited". State v. Negran, 178 N.J. 73, 82 (2003). We afford great deference to the prosecutor's decision. State v. Wallace, 146 N.J. 576, 589 (1996). A "[d]efendant generally has a heavy burden when seeking to overcome a prosecutorial denial of his [or her] admission into PTI." State v. Watkins, 193 N.J. 507, 520 (2008). The decision whether to admit a defendant to a PTI program is "'primarily

individualistic in nature' and a prosecutor must consider an individual defendant's features that bear on his or her amenability to rehabilitation." State v. Nwobu, 139 N.J. 236, 255 (1995) (quoting State v. Sutton, 80 N.J. 110, 119 (1979)).

To overturn a prosecutor's rejection of PTI, a defendant must "clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion." State v. Hoffman, 399 N.J. Super. 207, 213 (App. Div. 2008) (quoting State v. Watkins, 390 N.J. Super. 302, 305 (App. Div. 2007), aff'd, 193 N.J. 507 (2008)). An abuse of prosecutorial discretion is established when a defendant demonstrates "that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment[.]" State v. Roseman, 221 N.J. 611, 625 (2015) (quoting State v. Bender, 80 N.J. 84, 93 (1979)). "In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." Ibid. (quoting Bender, 80 N.J. at 93).

We affirm the denial of defendant's entry into the PTI program, and the resulting sentence imposed after defendant's guilty plea, for the reasons set forth in Judge Flynn's well-

reasoned written PTI decision, the sentencing proceeding transcript, and the judgment of conviction. We add only the following comments.

Due to significant concerns related to defendant's mental health status, the judge found that the primary considerations for PTI, namely "the applicant's amenability to correction, responsiveness to rehabilitation and the nature of the offense," N.J.S.A. 2C:43-12(b)(1), were not met in this case. Defendant's mental health issues did not start or end with the parking dispute that led to her arrest. Defendant, who called the police to report the dispute, was argumentative and abrasive in her discussions with the responding officer. Defendant told the officer "[g]o fuck yourself you bastard, you [are] doing nothing for me." Defendant was so agitated that she had to be pepper-sprayed by backup officers prior to her arrest. Defendant continued her aggressive and uncooperative attitude at the police station, and was transported to the local hospital for a mental health evaluation.

Defendant generated further concern related to her mental health status during the PTI interview process conducted several months after her arrest. The probation officer, in a written report summarizing the PTI interview, noted defendant was "extremely aggressive" and exhibited a rude and argumentative

demeanor. Defendant also falsely accused the police officers of inflicting physical injuries during her arrest and conspiring to create a reason for her arrest.

Defendant retained a psychologist, Dr. Robert Donohue, to support defendant's admission into the PTI program. Dr. Donohue issued a two-page written report based on two meetings with defendant. In his report, the doctor explained defendant was suffering from stress related to her search for employment and was experiencing adverse effects from a medication prescribed for a medical condition. Dr. Donohue opined that defendant suffered a panic attack preceding her arrest and that her conduct was not related to aggression.

However, Judge Flynn noted that Dr. Donohue's conclusions were at odds with defendant's post-arrest behaviors and with statements by defendant's husband that defendant becomes "very angry very fast." The judge further observed during oral argument on the motion for admission into the PTI program that "[d]efendant appeared to be talking to herself in a bizarre manner."

Having reviewed the record, we are satisfied that the prosecutor's rejection of defendant's PTI application was not a patent or gross abuse of discretion. The prosecutor considered and evaluated the statutory factors, including a reasoned discussion of defendant's mental health issues and the fact that

PTI is not appropriate to address defendant's mental health issues. We discern no basis to disturb Judge Flynn's thorough decision sustaining the prosecutor's rejection of defendant's admission into the PTI program.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3733-16T4